UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES HUSPON, | ) |
| | ) |
| Petitioner, | ) |
| | )   No. 3:05-CV-48 PS |
| vs. | ) |
| | ) |
| CECIL DAVIS, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner, James Huspon, an inmate at the Indiana State Prison filed a petition seeking relief under 28 U.S.C. §2254.  The respondent asserts that the petition is untimely. The petitioner filed a traverse. Because Huspon's petition is untimely pursuant to 28 U.S.C. §2244(d)(1), the court will deny the petition.

**BACKGROUND**

On February 10, 1987, Huspon was sentenced to one hundred sixty years for murder, felony murder, burglary and robbery. (Ex. B).  Huspon filed a direct appeal.  The Indiana Supreme Court affirmed that appeal on November 6, 1989. (Ex. C).  More than eleven years later, on March 2, 2001, Huspon filed a petition for post-conviction relief.  (Ex. A).  That motion was denied, in part, and granted, in part, on May 8, 2003. (*Id*.).  Huspon's burglary and robbery convictions were reduced to class B felonies.  The court imposed twenty years imprisonment for each count, making his aggregate sentence one hundred years.  (Ex. E).  Huspon appealed and the Indiana Court of Appeals affirmed the trial court's decision on April 14, 2004.  (Ex. D).  He filed this petition on January 20, 2005.

**DISCUSSION**

Huspon's petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. Specifically, it states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> *Id*.

The one-year statute of limitations begins to run from the latest of several events. As relevant here, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

For purposes of calculating the limitation period, the Court must determine when Huspon's direct criminal appeal was, or would have been, concluded. Huspon's judgment of

conviction became final on February 9, 1990, when the time to seek an appeal in the Indiana Court of Appeals expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Because this date was before the effective date of the statute of limitations, he had until April 24, 1997, within which to file a federal habeas petition. *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Huspon had until April 24, 1997 to file either his petition for writ of habeas corpus or a state petition for post conviction relief which would toll the statute of limitations. 28 U.S.C.§ 2244(d)(1)(A).

Huspon did file a petition for state post-conviction relief on March 2, 2001, and the Indiana Supreme Court denied transfer on April 14, 2004. That state proceeding did not toll the statute of limitations because it was filed almost four years after the statute of limitations had run. Accordingly, Huspon's petition for writ of habeas corpus is untimely and his claims are time-barred.

Huspon filed a traverse, but does not argue that his petition is timely. He argues that he needs additional time to complete his state court successive post-conviction proceedings. He asks that either he be granted a stay or that he be allowed to dismiss his petition without prejudice until he exhausts his state court proceedings. This court denied Huspon's motion for leave to stay this petition (DE 11) because there were no grounds to stay the petition; the petition was bare bones and Huspon had not established good cause for his failure to exhaust. Granting Huspon additional time to exhaust state court proceedings at this point would be futile. Huspon's petition is untimely, and any successive petition challenging this conviction would likewise be untimely.

For these reasons, the court **DENIES** this petition.

**SO ORDERED**.

ENTERED: September 27, 2006

      S/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT